

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 23, 1973

Honorable Bob Hendricks
Chairman, Committee on
Criminal Jurisprudence
House of Representatives
Austin, Texas 78711

Opinion No. H-13

Re: Regarding the Constitutionality
of House Bills 200 and 229
having to do with the death
penalty.

Dear Mr. Hendricks:

You have requested our opinion of the constitutionality of House Bills 200 and 229 each of which would amend Article 1257, Vernon's Texas Penal Code and would provide the death penalty under certain circumstances.

House Bill 200 would provide that the punishment for murder with malice aforethought "shall be death or imprisonment for life" if one of eight circumstances exists. By subparagraph (c) it provides that, if the jury should find the defendant guilty of murder with malice and that the murder was committed under one of those eight circumstances, the court "shall sentence the defendant to death unless the jury, after hearing on the issue of punishment, recommends leniency, in which event the court shall sentence the defendant to imprisonment for life. "

There are other aspects of House Bill 200 which are not necessarily material to this opinion.

House Bill 229 would amend Article 1257, V. T. P. C., to provide that, except as provided in subsection (b) the punishment for murder "shall be death or confinement in the penitentiary for life or for any term of years not less than two." Subsection (b) reads as follows:

> "The punishment for murder shall be death
> or confinement in the penitentiary for life if the
> person murdered a peace officer or a fireman who
> was acting in the lawful discharge of an official
> duty and whom the person knew was a peace
> officer or a fireman. "

The decision of the United States Supreme Court in Furman v. Georgia, 408 U.S. 238, 33 L. Ed. 2d 346 (1972), the Death Penalty Case, was by a court divided five to four. The court's opinion, rendered Per Curiam, merely recites that the imposition and carrying out of the penalty in the three cases before it "constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments."

There were five separate concurring opinions. One of the grounds adopted in each concurring opinion for holding the statutes in question there to be unconstitutional was that they vested in juries the power to choose between death and a lesser punishment without designating standards by which the choice was to be made, and, therefore, permitted the decision to be made arbitrarily.

Each of the proposed bills, House Bill 200 and House Bill 229, would appear to suffer from the same deficiency and it is our opinion that both bills, if presented to the court which decided the Furman case, would be held unconstitutional. Some persons, commenting on the Furman decision, have concluded that the Supreme Court would uphold a death penalty statute only if it made the penalty mandatory under certain circumstances. Without necessarily agreeing with that analysis, it is our opinion that the less discretion placed in the courts and juries to determine the sentence to be imposed, the more likely it is that the Furman Court will uphold the statute.

### SUMMARY

Under the decision of the United States Supreme Court in Furman v. Georgia, 408 U.S. 238, 33 L. Ed. 2d 346 (1972), a statute leaving the imposition of the death penalty to the discretion of the agency assessing punishment, without setting precise objective standards by which the selection of alternative punishments is to be invariably determined, would be held unconstitutional.

Very truly yours,

*John L. Hill*

JOHN L. HILL
Attorney General of Texas

APPROVED:

JOHN M. BARRON
First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee